# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | | |
|---|---|---|
| Shaunte Tucker East, | ) | **Case No.:** 3:26-cv-3358-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Atlantic Bulk Carrier Corporation and Tarus Tinoka Cook, | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Defendants. | ) | |

Shaunte Tucker East, the Plaintiff in this civil action, does make the following claims against Defendants:

1. The Plaintiff, Shaunte Tucker East (hereinafter referred to as "Plaintiff") is currently a citizen and resident of Lexington County, South Carolina at the time of this wreck.

2. Upon information and belief, the Defendant Tarus Tinoka Cook (hereinafter referred to as "Defendant Day") is a citizen and resident of the state of South Carolina and was employed by the Defendant Atlantic Bulk Carrier Corporation (hereinafter referred to as "Defendant Atlantic Bulk"), at the time of this incident and during all relevant times as either an employee or independent contractor, and for whose acts or omissions Defendant Atlantic Bulk was responsible either through the doctrine of respondeat superior or other applicable law.

3.      Upon information and belief, the Defendant Atlantic Bulk is a business and/or corporation incorporated and existing in a State other than South Carolina (Iowa, upon information and belief) but conducting business in the State of South Carolina.

4.      The accident giving rise to this litigation occurred in Lexington County, South Carolina.

5.      The Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over the parties pursuant to the South Carolina Long Arm Statute and other applicable law.

### FACTS

6.      At all times relevant herein, Defendant Cook was driving a tractor trailer truck under dispatch from Defendant Atlantic Bulk and was doing so in the course and scope of his employment as an employee with Defendant Atlantic Bulk, or he was doing so under direction and dispatch as an independent contractor.

7.      On or about November 2, 2023, Defendant Cook was traveling on or near S-32-273 in Lexington County, South Carolina in a tractor trailer owned by Defendant Atlantic Bulk.  At or about the same time, Plaintiff was traveling in a vehicle owned by Plaintiff in the same area.

8.      The Defendant Cook was traveling around a curve in the road along and veered into another lane, causing a collision between the vehicle operated by Plaintiff and the vehicle operated by Defendant Cook.

9.      Defendant Cook failed to act properly in the operation of his vehicle to avoid the collision with the vehicle operated by Plaintiff.

10. This collision caused serious and permanent bodily injuries to the Plaintiff as a direct and proximate result of the wrongful acts and omissions set forth herein as committed by the Defendants, either individually and to the exclusion of each other, or jointly in combination with each other. As a result, Plaintiff has suffered the following, past, present and future:

    a. personal injury;
    b. pain and suffering;
    c. mental anguish;
    d. loss of enjoyment of life;
    e. medical expenses
    f. lost wages;
    g. loss of society/companionship;
    h. permanent impairment;
    i. property damage and associated losses, including loss of use;
    j. other damage and losses as will be shown at trial

for which the Plaintiff is entitled to recover an amount of actual, punitive, special and consequential damages to be determined by a jury at the trial of this action.

11. That the Defendant Atlantic Bulk, either individually and directly, or through the doctrine of respondeat superior, owed a duty to the members of the community to maintain a proper lookout for other vehicles on the roadway and keep their vehicle under control, and Defendants failed to keep a proper lookout and to keep proper control of their vehicle.

12. That the Defendant Atlantic Bulk, either individually and directly, or through the doctrine of respondeat superior owed a duty to members of the community to operate the vehicle in a safe and lawful manner and failed to do so.

13. The Defendant Atlantic Bulk had a duty to Plaintiff to ensure that their truck drivers had sufficient supervision and training to prevent harm to the public.

14. That the Defendant Atlantic Bulk had a duty to the Plaintiff to train drivers like Defendant Cook of the dangers of unsafe driving.

15.     That the Defendant Atlantic Bulk had a duty to carefully select and hire qualified truck drivers as either employees or independent contractors to prevent harm to the public.

16.     That the Defendant Atlantic Bulk had a duty to constantly evaluate the safety of their drivers to prevent harm to the public and properly supervise their drivers and retain only qualified drivers as employees or independent contractors.

17.     That the Defendants were not allowed to endanger the public through the actions of itself or its drivers of the operation of unsafe vehicles on the roadways.

18.     That the Defendants, either individually and directly, or through the doctrine of respondeat superior, had a duty to follow traffic laws to prevent harm to the public.

## FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Negligence, Gross Negligence, and Recklessness)

19.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

20.     The Plaintiff will show that at the times and places above mentioned that Defendant Cook, while acting as agent, servant, employee and/or independent contractor, for and at the direction of Defendant Atlantic Bulk, was willful, wanton, careless, negligent, grossly negligent, and reckless in the following particulars:

a.     In operating his vehicle at an improper speed;

b.     In failing to keep a proper lookout;

c.     In failing to see or observe things which a reasonable person should see;

d.     In failing to maintain reasonable vigilance and anticipate others use of the roadway;

e.     In failing to appropriately apply his brakes or otherwise stop or move his vehicle;

f.     In failing to sound his horn;

g.     In driving his tractor trailer truck in a careless and heedless fashion on the roadway so as to endanger other persons or property;

h.     In failing to abide by the proper rules and regulations concerning appropriate rest;

i.     In failing to keep his vehicle under proper control;

j.     In failing to properly maintain his lane of travel;

k.     In failing to use the degree of care and skill required by a tractor trailer driver under the same or similar circumstances;

l.     In such other and further ways as discovery may reveal.

21.     That the above acts and omissions were the direct and proximate cause of the injuries and damages sustained by the Plaintiff herein, the said acts and omissions being in violation of the common and statutory law of the state of South Carolina and such other law as may apply.

22.     As a result of the conduct of all Defendants, Plaintiff was harmed and injured and is entitled to a judgment against all Defendants for actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## FOR A SECOND CAUSE OF ACTION AGAINST ATLANTIC BULK CARRIER CORPORATION

### (Negligent Hiring)

23.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

24.     The Defendant Atlantic Bulk owed a duty to the Plaintiff and others to hire only personnel as employees and/or independent contractors who were appropriate, competent and

capable to operate commercial motor vehicles and not to hire personnel as employees or independent contractors who placed the Plaintiff and others at a risk of bodily injury or death.

25.     Defendant Atlantic Bulk breached that duty continually by hiring personnel as employees or independent contractors who committed the acts described in this Complaint and others, and in fact encouraging the same, and the Defendant Atlantic Bulk had knowledge that these persons committed wrongful prior conduct but failed to remedy the situation or select and retain proper personnel.

26.     As a result of conduct of Defendant Atlantic Bulk, the Plaintiff was harmed and injured and is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## FOR A THIRD CAUSE OF ACTION AGAINST ATLANTIC BULK CARRIER CORPORATION

### (Negligent Training and Supervision)

27.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

28.     The Defendant Atlantic Bulk owed a duty to the Plaintiff and others to properly supervise and properly train its personnel, either as an employee or independent contractor, and determine if these persons were appropriate to operate commercial motor vehicles and not to allow these personnel to place the Plaintiff and others at a risk of bodily injury or death.

29.     The Defendant Atlantic Bulk breached that duty by failing to properly supervise and train the personnel who committed the acts described in this Complaint and others, and these

Defendants had knowledge that this person was likely to commit and/or did commit wrongful conduct but failed to remediate the situation.

30. As a result of the conduct of Defendant Atlantic Bulk, the Plaintiff was harmed and damaged and is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## FOR A FOURTH CAUSE OF ACTION AGAINST ATLANTIC BULK CARRIER CORPORATION

### (Negligent Retention)

31. Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

32. The Defendant Atlantic Bulk owed a duty to the Plaintiff and others to investigate the wrongful and unacceptable conduct of its personnel and/or selected independent contractor and take appropriate action to remedy the issues or not select or retain an incompetent and incapable independent contractor.

33. Defendant Atlantic Bulk breached that duty by failing to undertake any appropriate investigation, nonselection or hiring, discharge, remedial training or reassignment or termination of its agents and employees and drivers and/or independent contractor who were not competent and capable of performing properly.

34. As a result of the conduct of Defendant Atlantic Bulk, the Plaintiff was harmed and damaged is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for all actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

ATTORNEYS FOR PLAINTIFF

By:___/S/ J. Christopher Wilson_____
J. Christopher Wilson (Fed. ID 06422)
Lauren B. Dangerfield (Fed. ID 13197)
Wilson Law Group, LLC
P. O. Box 1150
Bamberg, SC  29003
Telephone: (803) 245-7799
Fax: (803)245-0037
chris@wilsonlawgroupsc.com
lauren@wilsonlawgroupsc.com

AND

E. Wayne Ridgeway, Jr. (Fed. ID: 9233)
Burriss and Ridgeway
820 Gracern Road
Columbia, SC 29210
(803) 451-4000
wayne@burrisslaw.com

August 10, 2026

Bamberg, SC